**Izea REED, Petitioner—Appellant,**

v.

**Ernie ROE, Warden; Attorney General of the State of California, Respondents—Appellees.**

No. 00–56398.

D.C. No. CV–00–01752–CM(CT).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 8, 2003.

Decided Nov. 4, 2003.

Cara DeVito, Esq., West Hills, CA, Izea Reed, pro se, Lancaster, CA, for Petitioner–Appellant.

David F. Glassman, Esq., Teresa Torreblanca, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

Before KLEINFELD, WARDLAW, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Izea Reed appeals the district court's denial of his habeas corpus petition under 28 U.S.C. § 2254(d), alleging that his mandatory sentence of 25 years to life under California's "three strikes" law violates the Eighth Amendment's prohibition of cruel and unusual punishment.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a writ of habeas corpus cannot be granted unless the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established federal law" [1] as determined by the Supreme Court of the United States.[2] Reed argues that his "three strikes" sentence is an unreasonable application of Supreme Court precedent under the "gross proportionality" principle of the Eighth Amendment.[3] The "unreasonable application" clause requires not only that we conclude that the California Court of Appeals

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**1.** 28 U.S.C. § 2254(d).

**2.** *Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 1172, 155 L.Ed.2d 144 (2003) (citing

*Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000));

**3.** The California Court of Appeal upheld Reed's sentence under *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).

decision was wrong, but also that it be "objectively unreasonable." [4]

Given his violent and predatory criminal history, Reed's sentence is not an unreasonable application of the proportionality principle. While the Supreme Court has vacated a life sentence without the possibility of parole for writing a bad check as cruel and unusual punishment,[5] it has upheld California "three strikes" sentences of 25 years to life for shoplifting videotapes [6] and for shoplifting three golf clubs,[7] a life sentence under a Texas recidivist law for obtaining $120 by false pretenses,[8] and a life sentence without possibility of parole for possession of cocaine.[9]

Reed's sentence, when viewed in light of his prior felony convictions for robbery and assault with intent to commit rape, does not present the "extraordinary case," such as life imprisonment for overtime parking,[10] that *Lockyer v. Andrade* says might clearly violate the Eighth Amendment.[11]

AFFIRMED.

---

4. *Andrade*, 123 S.Ct. at 1175 (citing *Williams*, 529 U.S. at 409, 120 S.Ct. 1495).

5. *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

6. *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

7. *Ewing v. California*, 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003).

8. *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).

9. *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).

10. *See Ewing*, 123 S.Ct. at 1185 (O'Connor, J., plurality) (citing *Rummel*, 445 U.S. at 274 n. 11, 100 S.Ct. 1133)).

